RECEIVED

SEP - 8, 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CAREY LOUIS HOOD,
            Petitioner

VERSUS

WARDEN, LOUISIANA STATE
PENITENTIARY,
            Respondent

CIVIL ACTION
SECTION "P"
1:10 CV 0 850

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by petitioner Carey Louis Hood ("Hood") on May 26, 2010.  Hood is contesting his convictions and sentences, by a jury in the Louisiana Ninth Judicial District Court, on one count of simple escape and one count of possession of cocaine.  A habitual offender bill was filed against Hood, to which he pleaded not guilty and was adjudicated a fourth felony offender.  Hood was sentenced to a total of forty years imprisonment.

Hood raises the following grounds for relief in his habeas petition:

    1. Hood's convictions rest on insufficient evidence.

    2. There is insufficient evidence to sustain Hood's multiple offender status (fourth felony offender).

    3. Although Hood's prior convictions resulted from guilty pleas, the State failed to prove Hood was properly "Boykinized" in the prior proceedings.

    4. Hood had ineffective assistance of counsel due to his attorney's failure to call Hood to testify in his own

defense, as agreed before trial.

Although the Respondent states it is unsure whether Hood has exhausted his claims, the record shows that Hood's claims are exhausted.[1]    Hood's petition is now before the court for disposition.

### Rule 8(a) Resolution

This court is able to resolve the merits of this <u>habeas corpus</u> petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the petitioner's claims, and the State court records provide the required and adequate factual basis necessary to the resolution of the habeas corpus petition. <u>Moya v. Estelle</u>, 696 F.2d 329, 332-33 (5th Cir. 1983); <u>Easter v. Estelle</u>, 609 F.2d 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

### Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).

---

[1] As admitted by the Respondent in brief (Doc. 13), Hood raised his claims as to insufficient evidence to sustain the convictions and insufficient evidence to sustain his fourth felony offender adjudication on direct appeal, while he raised his claim regarding his right to testify on post-conviction relief.

Under 28 U.S.C. § 2254 and AEDPA, which is applicable to habeas petitions filed after its effective date on April 24, 1996, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination* of the facts in light of the evidence presented in the State Court proceeding. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254 (d)(1), and questions of fact are reviewed under Section 2254(d)(2). Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir. 2001), cert. den., 534 U.S. 885, 122 S.Ct. 194 (2001), and cases cited therein.

<u>Facts</u>

The facts of this case as set forth by the Louisiana Third Circuit Court of Appeal at State v. Hood, 04-1169, 04-666 (La. App. 3d Cir. 2/16/05), 895 So.2d 624, 625-626, are as follows:

> "On December 8, 2002, Officer Carla Whitstine, an Alexandria Police Officer, was patrolling Levin Street in Alexandria. As she was driving, she noticed a black male riding a bicycle. As she got closer to him, the Defendant jumped off the bicycle and ran up to a house. At that point the officer was beside the house; she turned on her "alley light" and observed the Defendant bend down beside the house and throw something under the porch. The officer left her vehicle and approached the Defendant to talk to him. By that time another Alexandria Police

3

Officer, Officer Todd Beaman, had arrived for back up and walked the Defendant over to the police cars. Officer Whitstine shined [sic] her flashlight under the porch to determine what the Defendant had thrown away. The officer found a plastic baggy with what appeared to be a rock of cocaine. Officer Whitstine radioed Officer Beaman to place the Defendant in handcuffs, which he did without incident. The Defendant was placed in Officer Whitstine's patrol car.

"Officer Whitstine drove the Defendant to the jail and parked on the third floor of the parking lot. The officer had the light on in her vehicle and was filling out some paperwork before taking the Defendant to booking. Officer Whitstine testified that she was talking to the Defendant and looking at him in her rearview mirror while she filled out the paper work. After filling out the paper work, the officer removed the Defendant from her patrol car and began to take him into the jail. As they were waiting for the elevator, the Defendant took off running and escaped through the stairwell."

## Law and Analysis

### Ground 1 - Insufficient Evidence

First, Hood contends his convictions rest on insufficient evidence. Hood argues that the arresting officer, Whitstine, did not testify that she saw Hood run to the porch and throw something under the porch, and that there is a "great possibility" that she misidentified Hood. Hood further argues that he did not commit an escape because he had not been booked into the jail, and was simply running away from the officer (Doc. 14).

Habeas relief on a claim of insufficient evidence is appropriate only if it is found that, upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. West v. Johnson, 92 F.3d 1385

4

(5th Cir. 1996), cert. den., 520 U.S. 1242, 117 S.Ct. 1847 (1997), citing, <u>Jackson v. Virginia</u>, 443 U.S. 307, 322-26, 99 S.Ct. 2781, 2791-92, 61 L.Ed.2d 560 (1979).  To apply this standard, the court looks to elements of the offense as defined by state substantive law.  <u>Donahue v. Cain</u>, 231 F.3d 1000, 1004 (5th Cir. 2001).

A jury's determination of witness credibility, the inferences made on the evidence, and the jury's reasonable construction of the evidence is entitled to a great deal of deference by a reviewing court.  <u>Marshall v. Lonberger</u>, 459 U.S. 422, 433-35, 103 S.Ct. 843, 850-51 (1983).  In addition, where there has been a thoughtful review of the sufficiency of the evidence by a state appellate court, that court's findings are entitled to great weight. <u>Jackson</u>, 443 U.S. at 322 n.15, 99 S.Ct. at 2790 n.15.

First, Hood contends that Officer Whitstine never testified that he was the person she saw running to the porch and throwing something under it, and that she misidentified him.  However, Whitstine testified that she drove her police car close to "a black male on a bicycle" who looked over at her, jumped off the bike, and ran up beside a house (Doc. 13, Ex. 8, p. 37/100).  Whitstine testified she then turned her "alley light" on the house and saw the black male throw something under the porch, so she got out her car, went over to him, talked to him, and then arrested him with the assistance of Officer Beaman (Doc. 13, Ex. 8, p. 37/100). Whitstine also testified that Hood told her his name was Chris

5

Duberil (Hood's foster brother) and, when she tried to escort him through the jail facility, he escaped from her through the stairwell (Doc. 13, Ex. 8, p. 38/100). Whitstine testified that, when she was subsequently shown photographs of Jeffery Duberil (Chris Duberil's brother) and Hood, she identified Hood as the person she had arrested for throwing rock cocaine under the porch and who later escaped from her custody (Doc. 13, Ex. 8, p. 43/100).

Officer Beaman testified that, when he arrived as back up for Whitstine, Whitstine had Hood in custody; Beamon handcuffed Hood and placed him in Whitstine's car after she retrieved the rock cocaine from under the porch (Doc. 13, Ex. 8, p. 49/100). Beamon identified Hood in court as the person he and Whitstine arrested and who escaped from Whitstine's custody wearing Beamon's handcuffs (Doc. 13, Ex. 8, p. 49/100-50/100).

The Louisiana Court of Appeal reviewed the trial evidence and found that both Whitstine and Beamon testified that Hood was the person whom Whitstine saw throw the rock cocaine under the porch and who escaped from Whitstine's custody, and that the other evidence adduced at trial supported their testimony (Doc. 13, Ex. 3, p. 11/100-12/100).

The conclusions of the jury and the Court of Appeal are reasonable in light of the evidence in this case and are entitled to great weight by this court. Whitstine did not, as Hood argues, fail to identify him as the perpetrator. Since a reasonable

6

factfinder could have concluded that Hood committed the offenses with which he was charged, there is sufficient evidence of Hood's identification to support his convictions.

Hood also argues he did not commit an escape.  The crime of simple escape is set forth in La.R.S. 14:110, in pertinent part: "Simple escape shall mean any of the following: (1) The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officer of the Department of Public Safety and Corrections."  Obviously, Hood's argument, that running from away from a police officer who had detained him did not constitute an escape, is erroneous as a matter of law.  The evidence showed that, as Hood was being escorted by Office Whitstine through the jail facility for booking, he fled from her through the stairwell and outside (Doc. 13, Ex. 8, p. 38/100).  That evidence was sufficient for a rational factfinder to conclude that Hood committed simple escape from the "the lawful custody of [a] law enforcement officer."

This ground for relief is meritless.

Grounds 2 & 3 - Insufficient Evidence of Multiple Offender

Next, Hood contends there is insufficient evidence to prove he was a multiple (fourth felony) offender.  Hood also contends that,

7

although his prior convictions resulted from guilty pleas, the State failed to prove Hood was properly "Boykinized"[2] in the prior proceedings.

To prove a defendant is a habitual offender under La. R.S. 15:529.1, the State is required to establish the prior felony conviction and that the defendant is the same person who was convicted of that felony. State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321, 325. Proof of identity can be established through a number of ways, such as the testimony of witnesses to prior crimes, expert testimony matching the fingerprints of the accused with those in the record of the prior proceeding, or photographs contained in a duly authenticated record. State v. Curtis, 338 So.2d 662, 664 (La. 1976). It is sufficient to match fingerprints on an arrest register to a defendant, and then match the arrest register to a bill of information and other documents evidencing conviction and sentence; this can done through means such as a date of birth, social security number, bureau of identification number, case number, and specifics and details of the offense charged. State v. Carter, 99-KA-0779 (La. App. 4th Cir. 11/15/00), 773 So.2d 268, 280, writ den., 03-KA-188 (La. 7/29/03), 801 So.2d 61. Establishing the same name

---

[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)(holding a trial judge must ascertain and the record must show the defendant voluntarily and understandingly entered his plea of guilty).

for the defendant and the person previously convicted is not sufficient evidence of identity.  <u>State v. Curtis</u>, 338 So.2d 662, 664 (La. 1976).

Hood contends the trial judge improperly allowed into evidence State's exhibit 6, which contained felony information but did not include Hood's fingerprints.  Hood contends the State did not carry its burden of proving Hood's identity for that prior felony offense.  However, in February 2005 the Louisiana Third Circuit Court of Appeal found that, even without that particular felony conviction, Hood was still classified as at least a fourth felony offender because the State correctly proved Hood's identity (through fingerprints) on six *other* prior felony offenses (Doc. 13, Ex. 3, p. 13/100).

Since Hood had more than three prior final felony offenses besides the one he disputes for not having fingerprints attached to it (Doc. 13, Ex. 7, pp. 49/100-59/100), Hood cannot show he was prejudiced by the erroneous introduction of one prior felony conviction for which his identity was not proven.  The State carried its burden of proving Hood had at least three felony convictions prior to his most recent felony convictions and, therefore, was a fourth felony habitual offender.

Hood also argues the State failed to prove he was properly "Boykinized" at his prior felony proceedings in which he entered guilty pleas.  However, whether or not the trial court was in

9

violation of state law in adjudicating Hood to be a fourth felony offender is irrelevant for the purpose of attaining habeas corpus relief.  Federal habeas review is limited to questions of constitutional dimension.  Mere violation of evidentiary rules by the state trial court does not in itself invoke habeas corpus relief.  <u>Panzavecchia v. Wainwright</u>, 658 F.2d 337, 340 (5th Cir. 1981).  Also, <u>Castillo v. Johnson</u>, 141 F.3d 218, 222 (5th Cir.), cert. denied, 524 U.S. 979, 119 S.Ct. 28 (1998).  Additionally, once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under Section 2254 on the ground that the prior conviction was unconstitutionally obtained. <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 403-404, 121 S.Ct. 1567, 1570 (2001).[3]

---

[3] There are two exceptions to the above general rule.  One exception is with respect to habeas petitions challenging an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment.  The second exception might lie where, through no fault of his own, there was no channel of review actually available to petitioner through which he might have timely challenged his prior conviction. <u>Lackawanna County District Attorney</u>, 532 U.S. at 405-406, 121 S.Ct. at 1575.  Neither of these exceptions are applicable in this case.

10

Since Hood cannot challenge his enhanced sentence through a petition under Section 2254 on the ground that he was not properly Boykinized in his prior guilty pleas, this ground for relief is meritless.

## Ground 4 - Right to Testify

Finally, Hood contends he had ineffective assistance of counsel due to his attorney's failure to call Hood to testify in his own defense. Hood contends he and his attorney agreed before trial that he wanted to testify and would testify in his own defense.

The trial judge denied Hood's claim on post-conviction relief, stating the trial record showed Hood did not want to testify on his own behalf (Doc. 13, Ex. 5, p. 38/78; Ex. 8, p. 11/100). Hood contends his attorney told the court that Hood did not want to testify (Doc. 13, Ex. 10, p. 30/100), but that was not true.

To prevail on a habeas claim of ineffective assistance of counsel a complainant must demonstrate that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. To make that determination the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of

11

counsel in that total setting.   The court does not assess any alleged error in isolation.   In an examination of state proceedings under 28 U.S.C. § 2254 the court will not reject an adjudication on the merits unless the action by the state court is found to be contrary to, or an unreasonable application of, clearly established federal law, or the state court's determination of the facts is manifestly unreasonable in light of the evidence.   <u>Jones v. Cain</u>, 227 F.3d 228 (5th Cir. Oct. 2000), and cases cited therein.   See <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A habeas petitioner has the burden of proving that he was denied his constitutional right to testify in his own defense.   A petitioner in a habeas proceeding cannot prevail on such a claim merely by stating to the habeas court that he told his trial attorney that he wished to testify and that his attorney forbade him from taking the witness stand; such a barebones assertion is insufficient to require a hearing or other action on the claim that his right to testify in his own defense was denied him.   Some greater particularity is necessary and some substantiation is necessary as well, such as an affidavit from the lawyer who allegedly forbade his client to testify - to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.   <u>Underwood v. Clark</u>, 939 F.2d 473, 475-476 (7th Cir. 1991), citing <u>Sicilano v.</u>

12

<u>Vose</u>, 834 F.2d 29, 31 (1st Cir. 1987). The Fifth Circuit has held that a petitioner's vague and conclusory assertion alone does not trigger a hearing or response from the government. <u>U.S. v. Martinez</u>, 181 F.3d 627, 628 (5th Cir. 1999).

Hood contends in his original petition and his opposition brief (Doc. 14) that, had he testified, he would have presented a defense to counter Officer Whitstine's testimony. While Hood does not contend what defense he would have offered or what testimony he would have given, Hood's argues that he was misidentified and he did not possess cocaine. Hood attached his state application for post-conviction relief to his amended petition (Doc. 5), in which he contends his attorney did not want him to testify due to his extensive criminal history. It was established at his habitual offender proceeding that Hood was at least a fourth felony offender and had over thirty arrests (Doc. 13, Ex. 4, p. 64/100). Therefore, Hood's credibility would have been easily impeached by the prosecutor. It is clear Hood's testimony by itself would probably not have succeeded in refuting the testimony of both Officer Whitstine and Officer Beamon.

Hood has not shown specifically what he would have testified to and how it would have aided his defense. Therefore, even assuming his attorney denied him the opportunity to testify, Hood has not shown prejudice to his defense and that he has ineffective assistance of counsel. This ground for relief is meritless.

13

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Hood's Section 2254 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District

14

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    THUS DONE AND SIGNED in Alexandria, Louisiana on the ____ day of September, 2011.

                                    JAMES D. KIRK
                        UNITED STATES MAGISTRATE JUDGE

15